United States District Court
Southern District of Texas
**ENTERED**
June 09, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Marcia Kellier Lim-Tom, | § § § | |
| *Plaintiff,* | § § | Case No. 4:22-cv-01452 |
| v. | § § § | |
| Kilolo Kijakazi, Acting Commissioner of Social Security Administration, | § § § § § | |
| *Defendant.* | § § | |

## MEMORANDUM AND RECOMMENDATION

This appeal from an administrative ruling denying a request for social security benefits was referred to the undersigned judge. Dkt. 10. After carefully considering the parties' briefs, Dkts. 13-17, the record, Dkt. 6, and the applicable law, it is recommended that Defendant Kilolo Kijakazi's Motion for Summary Judgment be granted (Dkt. 13) and Plaintiff Marcia Kellier Lim-Tom's Motion for Summary Judgment (Dkt. 15) be denied.

## Background

Lim-Tom filed for social security benefits under Title II, claiming a disability onset date of December 14, 2018. R.11, 212-16. She claimed she suffered from fibromyalgia, depression, anxiety disorder, osteoarthritis in her back, carpal tunnel syndrome, radiculitis, nausea, and problems with her back,

knee, and stomach. R.233. Before filing for benefits, Lim-Tom worked as a nurse and administrator at various hospitals from 2003 to 2018. R.40-47, 235.

Lim-Tom's claim was denied initially and upon reconsideration. R.11. In September 2021, the administrative law judge (ALJ) held a hearing where the ALJ heard testimony from Lim-Tom and an impartial vocational expert (VE). R.29-65. Lim-Tom testified about her various physical limitations, including fatigue; carpal tunnel in her wrist; impaired vision; falls caused by weakness; cramping in her hands; and swelling, pain, numbness and tingling throughout her body. R.47-49, 52-53. She also testified about the mental impairments caused by her alleged disability, such as depression, anxiety, and loss of interest in socializing. R.48, 54-56. As a result of these impairments, Lim-Tom testified that she relied on her husband and children to do household chores and assist her with personal hygiene. R.51.

After the hearing, the ALJ issued an adverse decision, denying Lim-Tom benefits. *See* R.11-23. At step one of the analysis, the ALJ found that Lim-Tom met the insured status requirements under the Social Security Act. R.13. At step two, he found that Lim-Tom suffered from several severe impairments: fibromyalgia, degenerative disc disease, knee degenerative joint disease, hip degenerative joint disease, obesity, depression, and anxiety. *Id.* At step three, the ALJ found that Lim-Tom's impairments did not meet or medically equal

the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. R.14-17.

The ALJ then formulated Lim-Tom's residual functional capacity (RFC), finding that she was capable of sedentary work, with certain limitations. The mental limitations at issue in this appeal state:

> *Her work is limited to simple and routine tasks.* She can work in a low stress job, defined as having only occasional decision making required and only occasional changes in the work setting. She can only occasionally interact with coworkers.

R.17 (emphasis added). Based on this RFC, the ALJ relied on the vocational expert's ("VE") testimony to find that Lim-Tom could hold jobs that were available in the national economy, including work as a document preparer, security system monitor, and telemarketer. R.21-22. The ALJ found Lim-Tom not disabled as a result. R.22.

The Appeals Council denied review, R.1-4, which rendered the ALJ's decision final under 42 U.S.C. § 405(g).

## Standard of Review

A reviewing court assesses the Commissioner's denial of social security benefits "only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence." *Whitehead v. Colvin*, 820 F.3d 776, 779

(5th Cir. 2016) (per curiam) (internal quotation marks omitted). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is "more than a scintilla, but it need not be a preponderance.'" *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012) (quoting *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)).

When conducting its review, the Court cannot reweigh the evidence or substitute its judgment for the Commissioner's. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). "Conflicts of evidence are for the Commissioner, not the courts, to resolve." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). But judicial review must not be "so obsequious as to be meaningless." *Brown*, 192 F.3d at 496 (quotations omitted). The court must scrutinize the record as a whole, taking into account whatever fairly detracts from the weight of evidence supporting the Commissioner's findings. *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986).

## Analysis

**I.** **Legal Framework**

"The Commissioner uses a sequential, five-step approach to determine whether a claimant is ... disabled: (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe

impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity." *Morgan v. Colvin*, 803 F.3d 773, 776 (5th Cir. 2015) (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)) (footnote omitted). Before moving from step three to four, the ALJ determines the claimant's residual functional capacity, which is used to evaluate steps four and five. *Id.* at 776 n.2 (quoting 20 C.F.R. § 404.1520(a)(4)).

"Under this five-step approach, if the Commissioner determines at a prior step that the applicant is or is not disabled, the evaluation process stops ...." *Id.* at 776 (citing 20 C.F.R. § 404.1520(a)(4)). The claimant bears the burden of proof at the first four steps. *Kneeland v. Berryhill*, 850 F.3d 749, 753-54 (5th Cir. 2017). At the fifth step, the burden of proof shifts to the Commissioner "to establish the existence of other available substantial gainful employment that a claimant can perform." *Id.*

## II.    The ALJ committed no error.

Lim-Tom raises only one point of error on appeal: that the ALJ should not have found that Lim-Tom could perform jobs requiring Level 3 Reasoning, because the ALJ determined that Lim-Tom was limited to "simple and routine" tasks. Dkt. 15 at 6-12. According to Lim-Tom, the ALJ's failure to state

explicitly the logical extension of Lim-Tom's limitation—*i.e.*, that "simple and routine" tasks necessarily precludes "detailed tasks" and "detailed work"—resulted in error at steps three and five. The Court disagrees and recommends denial of Lim-Tom's motion for summary judgment.

### A.     The ALJ's did not err in formulating Lim-Tom's RFC.

As a preliminary matter, Lim-Tom's argument is based largely on a semantic distinction. Lim-Tom insists that the ALJ recognized only her limitation to "simple and routine" tasks in the RFC determination, while omitting the complementary statement that Lim-Tom cannot perform "detailed tasks" or "detailed work." *Id.* at 8, 10. Lim-Tom argues that this omission understated her "true limitations/restrictions" and that "the VE almost certainly would not have provided three Level 3 Reasoning jobs" if the ALJ had properly asked the VE to restrict his opinion to positions that require no "detailed tasks" or "detailed work." *Id.* at 10. According to Lim-Tom, this alleged omission renders the RFC determination incomplete and also undermines the ALJ's questioning of and reliance on the VE at step five. *See id.* at 10-12; Dkt. 17 at 2. Lim-Tom's argument lacks merit.

Lim-Tom correctly notes that the ALJ's RFC determination states only that "[h]er work is limited to simple and routine tasks." R.17. The ALJ's explanation of the RFC, however, makes clear that this statement excludes

6

detailed tasks: "I found that a limitation of simple and routine tasks, *as opposed to detailed tasks*, would better fit the limitations shown in the record since the claimant showed consistent depressive symptoms that *may make detailed work difficult*." R.20 (emphasis added); *see also* R.21 ("Based on the depressive symptoms in the record and the moderate limitations in understanding, remembering, and using information, and in concentration, persistence, or pace, I included *a limitation of simple and routine tasks*.") (emphasis added).

The ALJ's opinion thus confirms that the ALJ meant to exclude "detailed tasks" and "detailed work" when he limited Lim-Tom to "simple and routine tasks." Lim-Tom makes much of the ALJ's word choice, but she offers no authority suggesting that the omission of an explicit, explanatory statement— that "simple and routine tasks necessarily means no detailed tasks or work"— constitutes error. Indeed, as discussed *infra*, the crux of Lim-Tom's appeal lies in whether her limitations would allow her to perform jobs requiring Level 3 Reasoning, as defined by the Department of Labor's Dictionary of Occupational Titles (DOT). It is *not* whether the ALJ's RFC determination and questioning of the VE were adequately unambiguous.

### B. There was no direct or indirect conflict between the VE's testimony and the DOT.

Though Lim-Tom's briefing centers around the purported omission of a

"no detailed tasks or work" limitation, she also alleges a conflict between the VE's testimony and the DOT's job descriptions. *See generally* Dkt. 15 at 10-12. Lim-Tom argues that, despite the VE's testimony, she cannot work as a document preparer, security system monitor, or telemarketer because the DOT states that each of those jobs requires Level 3 Reasoning.

The Eastern District of Texas aptly summarized the types of conflicts that may arise between VE testimony and the DOT:

> When a *direct and obvious* conflict exists, and the administrative law judge fails to explain or resolve the conflict, the probative value of the vocational expert's testimony is so lessened that a reversal and remand for lack of substantial evidence usually follows. But when the conflict is *tangential, implied or indirect*, and it did not undergo adversarial development at the administrative hearing, the vocational expert's testimony may be accepted and relied upon by the administrative law judge without resolving the later-proffered conflict provided the record reflects an adequate basis for doing so.

*Gaspard v. Soc. Sec. Admin. Comm'r*, 609 F. Supp. 2d 607, 613 (E.D. Tex. 2009) (emphasis in original) (citing *Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000)).

For implied or indirect conflicts between a VE's testimony and the DOT, the Fifth Circuit follows the majority approach "that the ALJ may rely upon the vocational expert's testimony provided that the record reflects an adequate basis for doing so." *Carey*, 230 F.3d at 146. "[N]either the DOT nor the vocational expert testimony is per se controlling." *Id.* at 147. In this case,

there is no direct or indirect conflict between the VE's testimony about the jobs Lim-Tom can perform and the DOT's description of what those jobs require.

1. No direct conflict exists.

Lim-Tom's description of the pertinent DOT entries is accurate, but the Court finds no direct conflict between the text of the DOT and the VE's testimony. *See* Dkt. 15 at 9. The entries for document preparer, security system monitor, and telemarketer include an identical requirement:

> Reasoning: Level 3 – Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations.

*See* Document Preparer, Microfilming, DICOT 249.587-018, 1991 WL 672349; Surveillance-system Monitor, DICOT 379.367-010, 1991 WL 673244; Telephone Solicitor, DICOT 299.357-014, 1991 WL 672624.

Lim-Tom insists that she cannot perform Level 3 Reasoning, given her limitation to "simple and routine tasks," so the ALJ should not have relied on the VE's testimony that these jobs were available to her. Dkt. 15 at 10-12. Decisions from this Court have rejected that contention. In *Ramos v. Saul*, the Court observed that "[t]he Fifth Circuit has not addressed this precise issue, but several courts of appeals have held that a person who is limited to simple tasks and simple decisions can be asked to perform jobs requiring Level 2 and

9

Level 3 reasoning."[1]  2020 WL 5097160, at *8 (S.D. Tex. July 29, 2020) (citing *Money v. Barnhart*, 91 F. App'x 210, 215 (3d Cir. 2004); *Lawrence v. Saul*, 941 F.3d 140, 143 (4th Cir. 2019); *Monateri v. Comm'r of Soc. Sec.*, 436 F. App'x 434, 446 (6th Cir. 2011); *Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010); *Hurtado v. Comm'r of Soc. Sec.*, 425 F. App'x 793, 795 (11th Cir. 2011)), *adopted by* 2020 WL 5097066 (S.D. Tex. Aug. 28, 2020).  Finding these decisions persuasive, the Court reasoned "the fact that the DOT lists a certain reasoning requirement does not mean that every variation of that job requires that level of reasoning." *Id.*

Most recently, in *Brumley v. Saul*, yet another judge of this Court held: "No direct conflict exists between the VE's testimony—that an individual limited to 'simple tasks'" could perform jobs listed in the DOT as requiring

---

[1] The Court is persuaded by both the survey of circuit authority in *Ramos* and the Seventh Circuit's decision in *Terry v. Astrue*, 580 F.3d 471, 478 (7th Cir. 2009).  The *Terry* court found no apparent conflict between a Reasoning Level 3 and the claimant's limitation to "simple, unskilled work at the sedentary exertion level."  *See id.* at 475, 478.  If the conflict were "obvious enough," the ALJ "should have picked up on [it] without assistance."  *Id.* at 478 (quoting *Overman v. Astrue*, 546, 496 (7th Cir. 2008)).

Despite the majority view, the Court acknowledges that the Ninth and Tenth Circuit have reached the opposite conclusion.  *See Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015) (holding that there is "an apparent conflict between the residual functional capacity to perform simple, repetitive tasks, and the demands of Level 3 Reasoning"); *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (finding an RFC's limitation of "simple and routine tasks" was "inconsistent with the demands of level-three reasoning" defined by the DOT).

Level 2 and 3 Reasoning. 2021 WL 1111045 at * 4 (S.D. Tex. Mar. 23, 2021). There, the Court reasoned that the RFC "did not limit [the claimant] to a specific reasoning level but did limit him to 'simple tasks only.'" *Id.* at *5. As explained in *Brumley*, the claimant's argument that Level 2 and 3 Reasoning exceeded his capabilities "conflates two different concepts: the type of tasks that [he] can complete and the level of instructions [he] can handle." *Id.* (quoting *Ramos*, 2020 WL 5097160, at *8) (internal quotations omitted).

Expanding upon *Ramos*'s authorities, the *Brumley* decision noted that "lower courts within this circuit have rejected the argument that a direct conflict exists between an RFC limiting a claimant to simple tasks and simple work-related decisions and a job with Level 3 reasoning." *Id.* (citing *Burnham v. Saul*, 2020 WL 3259619, at *6 (S.D. Tex. Apr. 14, 2020) (collecting cases), *adopted by* 2020 WL 3250978 (S.D. Tex. June 13, 2020); *Lindsey v. Saul*, 2021 WL 933748, at *8 (S.D. Tex. Jan. 20, 2021), *adopted by* 2021 WL 931694 (S.D. Tex. Mar. 10, 2021); *Arrington v. Colvin*, 2013 WL 12100718, at *12 (S.D. Tex. Sep. 18, 2013)); *see also Hall v. Comm'r of Soc. Sec.*, 2021 WL 809407, at *3 (S.D. Miss. Mar. 3, 2021) ("Given the great weight of authority on this issue, and with no evidence to the contrary, the Court finds that … 'an RFC limited to simple, routine, and repetitive tasks is not in apparent or direct conflict with a Level-Three-Reasoning occupation.'").

The Northern District of Texas has reached the same conclusion "that a limitation to 'simple, repetitive, and routine tasks' could support work with a reasoning level of two or three," collecting additional authority from district courts throughout the circuit.[2] *See Smith v. Colvin*, 2014 WL 1407437, at *6 (N.D. Tex. Mar. 24, 2014), *adopted by* 2014 WL 1407440 (N.D. Tex. Apr. 11, 2014) (citing *Coleman v. Colvin*, 2013 WL 5353416, at *4 (N.D. Tex. Sept. 25, 2013); *Johnson v. Astrue,* 2012 WL 5472418, at *11 (E.D. La. Oct.5, 2012); *Melton v. Astrue,* 2012 WL 1004786, at *2-*3 (N.D. Miss. Mar. 26, 2012)).

Here, the VE's testimony did not address the reasoning level of any job he recommended. The VE described only the physical exertional level, skill level, and "SVP"—or specific vocational preparation—for the three jobs. R.60-62. "The SVP 'is defined [in the DOT] as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker

---

[2] Lim-Tom primarily relies on another case from the Northern District of Texas that reached the opposite conclusion. *See* Dkt. 15 at 9-10 (discussing *Otte v. Comm'r Soc. Sec. Admin.*, 2010 WL 4363400 (N.D. Tex. Oct. 18, 2010), *adopted by* 2010 WL 4318838 (N.D. Tex. Oct. 27, 2010)). But subsequent decisions from the same court have discredited the *Otte* decision. Most recently, in *Wilson v. Saul*, the court recognized the split of authority, including within the district. 2021 WL 1523905, at *7-8 (N.D. Tex. Jan. 22, 2021) (comparing decisions across the sister circuits and within the Northern District of Texas). It disregarded decisions like *Otte*, noting that most judges within that district "have found that the DOT's reasoning level three does not 'on its face, indicate that jobs with a reasoning development level of three involve more than simple, repetitive work.'" *Id.* at *8.

situation.'" *Bayer v. Colvin*, 557 F. App'x 280, 284 n.2 (5th Cir. 2014); *see also* Social Security Ruling, SSR 00-4p.; Titles II and XVI: Use of Vocational Expert and Vocational Specialist Evidence, and Other Reliable Occupational Information in Disability Decisions, 65 FR 75759-01. The DOT treats the SVP as distinct from the reasoning level, as each job entry lists both an SVP and a reasoning level. *See, e.g.*, Document Preparer, Microfilming, DICOT 249.587-018, 1991 WL 672349.

Given this distinction, the VE's testimony describing appropriate jobs for Lim-Tom does not explicitly conflict with the DOT's description of those jobs. To the contrary, the VE did not testify about reasoning levels. Consistent with the great weight of authority, this Court declines to find a direct and obvious conflict merely because the VE proposed jobs that happen to require Level 3 Reasoning.

    2. <u>No indirect conflict exists.</u>

Having found no direct conflict, the Court also considers whether an implied conflict exists. "In the instance of an implied conflict between the VE's testimony and the DOT job requirements, the ALJ may properly rely on the VE's testimony that his opinions conform to the DOT without expressly addressing the conflict." *Brumley*, 2021 WL 1111045, at *5 (citing *Carey*, 230 F.3d at 146). That is, when an indirect conflict "did not undergo adversarial

13

development at the administrative hearing, the vocational expert's testimony may be accepted and relied upon by the [ALJ] without resolving the later-proffered conflict." *Veal v. Soc. Sec. Admin.*, 618 F. Supp. 2d 600, 609 (E.D. Tex. 2009). Such deference is appropriate, because "claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing." *Carey*, 230 F.3d at 146-47.

The ALJ's questioning—and the VE's testimony—went unchallenged at the hearing. R.60-63. The ALJ posed hypotheticals based on a person with Lim-Tom's limitations, and the VE testified about the potential jobs of document preparer, security system monitor, and telemarketer. *Id.* When the VE discussed only the physical exertional level, skill level, and SVP, Lim-Tom's counsel did not probe further into the mental demands or levels of reasoning required for those jobs. *Id.* And when the ALJ asked the VE if his testimony was consistent with the DOT "in all regards," the VE explained how his testimony diverged from the DOT—but only in ways that do not concern Lim-Tom's reasoning level. R.63.

Accordingly, even if an implied conflict existed, Lim-Tom failed to develop the conflict at the hearing. The ALJ therefore was entitled to rely on the VE's testimony. *Carey*, 230 F.3d at 146-47; *see also Ramos*, 2020 WL 5097160, at *8 ("The vocational expert's 'clear and unchallenged testimony' that [claimant] could perform these jobs is adequate support for the ALJ's determination that [claimant] 'could perform other available work.'"). Lim-Tom has failed to identify any plausible conflict requiring remand. Her motion should be denied, and the ALJ's decision should be affirmed.

## Recommendation

Accordingly, it is **RECOMMENDED** that this Court should **GRANT** Defendant's Motion for Summary Judgment (Dkt. 13), **DENY** Lim-Tom's Motion for Summary Judgment (Dkt. 15), and **AFFIRM** the decision of the Commissioner of the Social Security Administration. It is further **RECOMMENDED** that the Court enter a final take-nothing judgment in favor of Defendant pursuant to Fed. R. Civ. P 58(a).

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825

**(5th Cir. 2015).**

    Signed on June 9, 2023 at Houston, Texas.

                                                _____
                                                Yvonne Y. Ho
                                                United States Magistrate Judge